# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.**
**Employer Below, Petitioner**

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)   **No. 18-0740** (BOR Appeal Nos. 2052391 & 2052570)
(Claim No. 2015033220)

**MICHAEL KELLER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Murray American Energy, Inc., by counsel Aimee M. Stern and Denise D. Pentino, appeals the decision of the Board of Review. Michael Keller, by Counsel M. Jane Glauser, filed a timely response.

The issues presented on appeal concern the authorization for medical treatment and a request to add additional conditions as compensable components of the claim. On June 30, 2017, the claims administrator denied Mr. Keller's request for the authorization of a diagnosis update and referral to pain management. The Workers' Compensation Office of Judges issued an Order dated December 4, 2017, finding that authorization for a pain management referral was properly denied by the claims administrator because the request for authorization was not made by Mr. Keller's treating physician. On January 22, 2018, the Office of Judges issued a second Order finding that the claims administrator properly denied Mr. Keller's requests for a diagnosis update and referral to pain management. This appeal arises from the Board's Final Order dated July 24, 2018, in which the Board reversed the Office of Judges' December 4, 2017, and January 22, 2018, Orders. The Board concluded that right shoulder chronic pain, right upper extremity radiculitis, and history of failed rotator cuff repair are causally related to Mr. Keller's compensable injury in this claim. The Board also found that the evidence establishes that a pain management evaluation is medically necessary and reasonably required treatment for Mr. Keller's compensable injury.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Keller, a coal miner, injured his back and right shoulder while pulling hoses on June 3, 2015, as part of his job at Ohio County Coal Company.[1] He treated with C. Clark Milton, D.O. on June 5, 2015. The claims administrator held the claim compensable for thoracic strain and shoulder strain on June 19, 2015. During treatment, it was determined that surgical intervention was needed to repair Mr. Keller's shoulder and he was referred to Allan Tissenbaum, M.D., who performed surgical arthroscopy on Mr. Keller on September 3, 2015. Unfortunately, he continued to have right shoulder pain following surgery.

An MRI performed at Wheeling Hospital on February 17, 2016, revealed changes consistent with a subscapularis tear allowing the biceps tendon to displace from the bicipital groove into the anterior joint space. Dr. Tissenbaum performed a second surgery on Mr. Keller's right shoulder on April 5, 2016 at Wheeling Hospital. Mr. Keller returned to Dr. Tissenbaum on July 27, 2016, and reported that his right shoulder was not improving. On exam, Dr. Tissenbaum found limited range of motion in all planes, tenderness to palpation over the anterior shoulder, and weakness of all shoulder muscles. Dr. Tissenbaum stated that Mr. Keller, "has almost reached MMI, may need IME or opinion from another surgeon, not improving with time."

On September 8, 2016, Mr. Keller was examined for an independent medical evaluation by Joseph Grady, M.D.  Mr. Keller reported complaints of discomfort and a lack of range of motion. Dr. Grady found no shoulder instability and concluded that Mr. Keller's compensable injury had reached maximum medical improvement. Using the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady opined that he sustained 6% whole person impairment as a result of his compensable injury, based upon decreased flexion and abduction.

Dr. Milton completed an Attending Physician's Report on September 29, 2016, indicating that Mr. Keller had reached maximum medical improvement. However, Mr. Keller returned to Dr. Milton on December 15, 2016, and reported that he was unable to perform any overhead movement with his right shoulder. Mr. Keller also complained of discomfort in his right shoulder with any physical activity. Dr. Milton assigned permanent restrictions of no lifting, pushing, or pulling greater than twenty-five pounds. Dr. Milton released Mr. Keller from his care.

Mr. Keller returned to Dr. Milton on April 25, 2017, with complaints of shoulder pain and decreased range of motion. Dr. Milton diagnosed Mr. Keller with persistent decreased range of motion of the shoulder. Because Dr. Milton could not offer any additional treatment, he recommended a referral to another physician in Pittsburgh, PA.

On May 31, 2017, Mr. Keller sought a second opinion and treated with orthopedic surgeon, Michael Myers, M.D. Dr. Myers diagnosed Mr. Keller with chronic pain of the right shoulder, history of failed rotator cuff repair, and radiculitis involving the upper extremity. Dr. Myers recommended a pain management evaluation prior to any further surgical treatment. Based upon his findings, Dr. Myers requested authorization for a pain management evaluation on June 2, 2017.

---

[1] Ohio County Coal Company is a subsidiary of Murray American Energy, Inc.

He also submitted a Diagnosis Update form requesting the addition of right shoulder chronic pain, radiculitis of the right upper extremity, and history of failed rotator cuff repair as secondary conditions in the claim.

As a response to Mr. Keller's request for pain management services, the claims administrator sent correspondence to Dr. Milton, Mr. Keller's treating physician in the claim, asking whether any additional diagnoses should be added to the claim other than those previously listed. Dr. Milton returned a Diagnosis Update form on June 21, 2017, and listed only the conditions previously held compensable by the claims administrator.

Mr. Keller protested the June 30, 2017, Order of the claims administrator. The Order stated that a request had been received from Dr. Myers dated June 2, 2017, regarding authorization for a diagnosis update and referral of Mr. Keller for pain management. The claims administrator denied the request because Dr. Myers is not the treating physician of record. The Order also stated that a Diagnosis Update form was sent to Dr. Milton and he did not add any additional diagnoses to the claim. As a result, the claims administrator denied the request for treatment authorization. Mr. Keller protested the claims administrator's decision.

On December 4, 2017, the Office of Judges affirmed the claims administrator's June 30, 2017, Order. The Office of Judges found that authorization for pain management referral was properly denied because the request for authorization was not made by Dr. Keller's treating physician. Because the claims administrator's June 30, 2017, Order also included authorization for additional diagnoses in the claim, the Office of Judges issued an additional Order on January 22, 2018. In the January 22, 2018, Order, the Office of Judges found that the Diagnosis Update and referral to pain management were properly denied because Dr. Milton, Mr. Keller's treating physician, did not agree with Dr. Myers's recommendations. Mr. Keller appealed both decisions of the Office of Judges.

The Board reversed both decisions of the Office of Judges. The Board stated the following:

"based upon the claimant's history, medical records, and in light of the preponderance of the evidence standard set forth in West Virginia Code 23-4-1g (2018), the Board concludes that right shoulder chronic pain, right upper extremity radiculitis, and history of failed rotator cuff repair are causally related to Mr. Keller's compensable injury in this claim. These conditions were sustained in the course of and resulting from Mr. Keller's employment. Additionally, the evidence establishes that a pain management evaluation is medically necessary and reasonably required in the course of treatment for the compensable injury."

The Board also concluded that "West Virginia Code of State Rules § 85-20-6.1(2006) does not prohibit the submission of a request for the addition of a compensable condition by the claimant or the claimant's representative."

On appeal, Murray American Energy argues that the Board of Review erred because a preponderance of the evidence demonstrates that Mr. Keller did not sustain the requested updated

diagnoses in the course of and resulting from his employment. The employer also argues that pain management is not medically related to or reasonably required by Mr. Keller's compensable injury. Murray American Energy asserts that West Virginia Code of State Rules § 85-20-6.1 (2006) provides that the treating physician, Dr. Milton, is responsible for coordinating Mr. Keller's medical treatment in this claim. After Dr. Myers submitted a Diagnosis Update request, Dr. Milton was given an opportunity to request that the conditions diagnosed by Dr. Myers be added to Mr. Keller's claim, and Dr. Milton declined to do so. Murray American Energy also argues that the opinion of Dr. Myers to add the secondary conditions to this claim was contradicted by Dr. Grady, who did not believe that Mr. Keller was in need of any additional treatment.

After review, we agree with the decision of the Board, which found the analysis and conclusions of the Office of Judges to be clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Office of Judges found that the requests for a Diagnosis Update and referral for a pain management evaluation being made by a consulting physician rather than the authorized treating physician is sufficient cause for the claims administrator to deny the requests. The Board disagreed with the Office of Judges and determined that the manner of the requests are not unreasonable in this claim. The record indicates that Dr. Milton did not believe that he could do any more for Mr. Keller and encouraged him to seek another opinion. Taking Dr. Milton's advice, Mr. Keller sought treatment with Dr. Myers, who recommended a pain management evaluation prior to any additional surgical treatment. The record also indicates that Mr. Keller continues to suffer from chronic pain in his right shoulder after multiple failed surgical attempts to correct his condition. Given Mr. Keller's history, medical records, and the preponderance of the evidence, the Board did not err in concluding that the requested diagnoses are causally related to his compensable injury in this claim. The Board also did not err in finding that the evidence establishes that a pain management evaluation is medically necessary and reasonably required in the course of the treatment of Mr. Keller's compensable injury.

For the foregoing reasons, we find that the decision of the Board is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board is affirmed.

Affirmed.

**ISSUED: September 3, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING**:
Justice Evan H. Jenkins